No. 104,806

In the Matter of MARY IVESTER, *Respondent*.

(246 P.3d 987)

 Opinion filed February 4, 2011. 

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Mary Ivester of Overland Park, Kansas, an attorney admitted to the practice of law in Kansas in 1991.

On May 12, 2010, the office of the Disciplinary Administrator filed a formal complaint against the respondent, alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent failed to file an answer to the formal complaint. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on June 24, 2010. The respondent failed to appear at this hearing. The hearing panel determined that respondent violated KRPC 1.3 (2010 Kan. Ct. R. Annot. 422) (diligence); 1.4(a) (2010 Kan. Ct. R. Annot. 441 (communication); Kansas Supreme Court Rule 207(b) (2010 Kan. Ct. R. Annot. 308) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2010 Kan. Ct. R. Annot. 327) (failure to file answer in disciplinary proceeding). Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

### "FINDINGS OF FACT

. . . .

"2. In 2008, Amy Highmoor retained the Respondent in a post-divorce child support matter. Ms. Highmoor paid the Respondent $1,000.00 for the representation. On May 15, 2008, the Respondent appeared in behalf of Ms. Highmoor and Jeffrey N. Lowe appeared in behalf of Ms. Highmoor's former husband, Donald D. Nagel. At the hearing, the court ordered that Mr. Nagel pay Ms.

Highmoor child support. Following the hearing, however, the Respondent failed to prepare the journal entry as ordered by the court.

"3. Six weeks later, on June 30, 2008, the Respondent forwarded a proposed journal entry to Mr. Lowe. On July 7, 2008, the Respondent and Mr. Lowe spoke by telephone regarding the proposed journal entry. The following day, July 8, 2010, Mr. Lowe wrote to the Respondent and requested that language be added to the journal entry regarding the Kansas Payment Center.

"4. Ms. Highmoor contacted the Respondent several times regarding the journal entry. The Respondent scheduled appointments with Ms. Highmoor but the Respondent failed to keep the appointments.

"5. In November, 2009, the Respondent moved from Wichita to Overland Park. The Respondent maintained a post office box in Wichita, but seldom retrieved the mail in the box. After she moved, the Respondent neglected to notify her clients that she had moved.

"6. Eventually, on December 17, 2009, Ms. Highmoor filed a complaint against the Respondent.

"7. After receiving a copy of the complaint, on January 5, 2010, the Respondent appeared at the Disciplinary Administrator's office without an appointment. At that time, the Respondent met with Ms. Knoll and Terry L. Morgan, Special Investigator. The Respondent assured Ms. Knoll and Mr. Morgan that she would immediately prepare the journal entry for Ms. Highmoor. Additionally, the Respondent agreed to cooperate in the investigation of the complaint.

"8. The next day, on January 6, 2010, the Respondent forwarded a new proposed journal entry to Mr. Lowe. However, by that time, Mr. Lowe was no longer representing Mr. Nagel. Despite her knowledge that Mr. Lowe no longer represented Mr. Nagel, the Respondent failed to provide Mr. Nagel with a copy of the proposed journal entry.

"9. On January 14, 2010, the Respondent provided a written response to the complaint. In her response letter, the Respondent admitted that she did not properly complete work on behalf of Ms. Highmoor. In that same letter, the Respondent expressed interest in participating in the attorney diversion program.

"10. Relying on Sup. Ct. R. 170, the Respondent provided the proposed journal entry to the court. However, the Respondent neither informed the court that Mr. Lowe no longer represented Mr. Nagel nor informed the court that he did not forward the proposed order to Mr. Nagel. On March 23, 2010, nearly two years after the hearing on the child support matter, the court signed the journal entry.

"11. On May 12, 2010, the Disciplinary Administrator forwarded the Notice of Hearing and the Formal Complaint to the Respondent at her last registered address. The Disciplinary Administrator sent the documents *via* regular mail and certified mail. The package sent *via* certified mail was returned to the Disciplinary Administrator's office. The package that was sent *via* regular mail was not returned.

"12. On June 16, 2010, Mr. Morgan attempted to contact the Respondent. While he was unable to locate the Respondent, Mr. Morgan did speak with the Respondent's adult son. The Respondent's adult son indicated that the Respondent was aware of the disciplinary proceedings. Mr. Morgan provided the Respondent's adult son with the certified mail package at that time.

"13. On June 17, 2010, the Respondent sent the Disciplinary Administrator's office a letter by facsimile. The letter provided:

'Please be advised that I am not available for personal or phone contact from your office. Please do not contact me or any of my family members by phone or by appearing at personal homes. At this point, I am unwilling to discuss any of my business with your office.

'I understand you will take whatever actions you find appropriate and I will do the same.'

"14. The Respondent failed to appear at the hearing on the Formal Complaint.

### "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, Kan. Sup. Ct. R. 207(b) and Kan. Sup. Ct. R. 211(b), as detailed below.

"2. The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Additionally, Mr. Morgan contacted the Respondent's adult son and learned that the Respondent was aware of the scheduling hearing. After the certified mail package was returned to the Disciplinary Administrator, Mr. Morgan hand-delivered the certified mail pack to the Respondent's adult son and the Respondent sent Exhibit 5 to the Disciplinary Administrator the next day. The Hearing Panel concludes that the Respondent was afforded the notice that the Kansas Supreme Court Rules require.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to diligently and promptly represent Ms. Highmoor by failing to timely prepare the journal entry

memorializing the court's order of child support. Because the Respondent failed to act with reasonable diligence and promptness in representing her client, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when she failed to communicate with Ms. Highmoor regarding the status of her case. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. Lawyers must cooperate in disciplinary investigations. Kan. Sup. Ct. R. 207(b) provides:

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

The Respondent's refusal to cooperate with the Disciplinary Administrator's office is a violation of Kan. Sup. Ct. R. 207(b). The Respondent's violation of Kan. Sup. Ct. R. 207(b) is evidenced by her June 17, 2010, letter. Thus, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b).

"6. The Kansas Supreme Court Rules require attorneys to file Answers to Formal Complaints. Kan. Sup. Ct. R. 211(b) requires:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

The Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated her duty to her client to provide diligent representation and adequate communication. Additionally, the Respondent violated her duty to the legal profession to cooperate in disciplinary proceedings.

"*Mental State.* The Respondent knowingly violated her duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Ms. Highmoor. Because of the Respondent's lack of diligence,

Ms. Highmoor did not have a current child support order to enforce for nearly two years.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*A Pattern of Misconduct.* Despite Ms. Highmoor's regular requests for information, the Respondent failed to take proper action to memorialize the court's child support order. The Respondent's continuous failure to complete Ms. Highmoor's representation amounts to a pattern of misconduct.

"*Multiple Offenses.* The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 207(b), and KRPC 211(b). As such, the Hearing Panel concludes that the Respondent committed multiple offenses.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* On June 17, 2010, the Respondent sent a letter *via* facsimile indicating her unwillingness to cooperate in the disciplinary process. The Respondent's open refusal to participate is an aggravating factor in this case.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record.* The Respondent had not previously been disciplined.

"*Absence of a Dishonest or Selfish Motive.* It does not appear that the Respondent's misconduct was motivated by dishonesty or selfishness.

"*Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* According to the Respondent, she was experiencing personal problems which affected her ability to handle client matters in a timely fashion. Unfortunately, she did not appear to present evidence regarding her personal or emotional problems.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.42 Suspension is generally appropriate when:
　　(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client;
　　or
　　(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended from the practice of law.

"The Hearing Panel is bound to formulate its recommendation based upon the clear and convincing evidence presented during the hearing. The written correspondence suggesting personal problems is insufficient to mitigate significantly the Respondent's misconduct.

"Thus, based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for an indefinite period of time. If the Respondent applies for reinstatement to the practice of law, the Hearing Panel recommends that the Respondent present evidence from a licensed mental health professional to establish the Respondent's current fitness to practice law.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

The Disciplinary Administrator recommends that this court adopt the recommendation of the hearing panel that respondent be indefinitely suspended from the practice of law in this state. We note that the respondent did not provide an answer to the complaint, appear for hearing before this court, or offer an explanation for her absence, although a copy of the hearing notification was mailed to her in accordance with our rules. The notice was mailed, both by regular mail and by certified mail, on May 12, 2010, to respondent's last address on file with the Clerk of the Appellate Courts. The certified mailing was returned to the Disciplinary Administrator's office; the documents sent by regular mail were not returned. The certified mailing was later hand-delivered by an investigator of the office of the Disciplinary Administrator to respondent's adult son, who told the investigator that the respondent was aware of the hearing. The respondent was properly notified of this proceeding, and this court has jurisdiction to proceed.

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009); see Supreme Court Rule

211(f) (2010 Kan. Ct. R. Annot. 344). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " 288 Kan. at 505 (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

At the hearing before this court, the Disciplinary Administrator asked the court to administer an indefinite suspension as recommended by the hearing panel.

### CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Mary Ivester, be indefinitely suspended from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2010 Kan. Ct. R. Annot. 276).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2010 Kan. Ct. R. Annot. 370), and, in the event respondent seeks reinstatement, she shall comply with Supreme Court Rule 219 (2010 Kan. Ct. R. Annot. 370).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

JAMES A. PATTON, District Judge, assigned.